E. E. SPENCER *v.* CARRIE SPENCER, ET AL.

Will—Construction.
> Where a will bequeaths a life estate in real estate to three persons and after probate two of such devisees die, the third is entitled to a life estate in all of the land and the owner of the fee cannot take the possession until after the death of the life tenant.

APPEAL FROM LOGAN CIRCUIT COURT.

February 25, 1876.

OPINION BY JUDGE PETERS:

This controversy arises out of the second clause of the will of J. W. Spencer, which is in the following language:

"That the remainder of the land reverting to me at my mother's death, including the dwelling house and all other buildings upon the land, I will to my brother and sisters, E. E. Spencer, Mary Jane Tisdell, and Martha Simmons, to be held and used by them

during their lives, and at their death to revert to my nephew, Wesley E. Simmons; but in case of his death before reaching his majority it shall revert to my father's family or heirs."

The testator had in the first clause of his will devised to his wife one-third of said tract of land absolutely, and this suit was originally brought by his widow against the other devisees for partition.

Before the institution of the suit Mrs. Martha Simmons had died, and during its pendency Mrs. Mary Jane Tisdell died. One-third of the land was partitioned, and set apart to Mrs. Carrie Spencer, the widow of testator, which is satisfactory to all parties. But E. E. Spencer being the survivor of the three life tenants under the will, claims the whole of the remaining thirds of the tract during his life, and W. E. Simmons, the devisee in remainder, claims that upon the death of Mrs. Tisdell and Mrs. Simmons he had a right to the immediate possession of the two-thirds to which they were entitled under the will. The court below having adjudged to him said two interests, E. E. Spencer prosecutes this appeal.

We cannot concur in the conclusion of the circuit judge. According to the language of the will the land given to his brother and sisters was to be held and used by them during their lives, and was to revert to his nephew at their death, or at the death of his brothers and sisters; for the pronoun "their" evidently refers to them, the brother and sisters, and includes all of them. Moreover, the testator gives the land to them "to be held and used by them during their lives;" he makes no provision for a surrender of part of the land on the death of one or two of the life tenants. The devise is to them as a class of the whole interest, and as long as any one of the class survives that survivor must hold and enjoy the estate.

Wherefore so much of the judgment as deprives E. E. Spencer of any part of the remainder of the land after setting apart to Mrs. Carrie Spencer her portion thereof during his life is *reversed,* and the cause remanded for further proceedings consistent herewith.

W. E. Simmons must pay the costs of this appeal.

*James H. Bowden, for appellant.   A. G. Rhea, for appellees.*